# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SHERI MAYOR,

    Plaintiff,

v().                                                                    Case No. 8:18-cv-978-T-AAS

ANDREW SAUL,
Commissioner,
Social Security Administration,[1]

    Defendant.
_____/

## ORDER

    Sheri Mayor seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), administrative record, pleadings, and joint memorandum the parties submitted, the Commissioner's decision is **REMANDED** for further consideration consistent with this order.

---

[1] On June 17, 2019, Andrew Saul became Commissioner of the Social Security Administration. Consistent with Federal Rule of Civil Procedure 25(d), Mr. Saul is substituted as a party in Nancy Berryhill's place.

## I. PROCEDURAL HISTORY

Ms. Mayor applied for DIB benefits because of a disability she claims began on October 1, 2014. (Tr. 174–77). Disability examiners denied Ms. Mayor's application initially and after reconsideration. (Tr. 61–70, 73–86). Ms. Mayor then requested a hearing before an ALJ, who found Ms. Mayor not disabled. (Tr. 16–22, 101–02).

The Appeals Council denied Ms. Mayor's request for review of the ALJ's decision; so, the ALJ's decision became the final decision of the Commissioner. (Tr. 1–6). Ms. Mayor seeks judicial review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Ms. Mayor was forty-six years old when she submitted her DIB application, and she was forty-eight years old when the ALJ held the hearing. (Tr. 33, 174). Ms. Mayor has some college education, including a medical-assisting degree. (Tr. 33). She has past relevant work as an investigator, instructor, and medical assistant. (Tr. 56). She claimed disability because of "severe cervical spinal stenosis" and severe migraines. (Tr. 61).

**B.     Summary of the ALJ's Decision**

The ALJ must follow five steps when evaluating a claim for disability.[2] 20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful activity,[3] she is not disabled. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, then she has no severe impairment and is not disabled. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment included in the Listings, she is not disabled. § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent her from performing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[4] Fifth, if a claimant's impairments (considering her RFC, age,

---

[2] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. § 404.1572.

[4] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. § 404.1545.

education, and past work) do not prevent her from performing other work that exists in the national economy, then she is not disabled. § 404.1520(g).

Here, the ALJ determined Ms. Mayor engaged in no substantial gainful activity since her alleged onset date. (Tr. 18). The ALJ found Ms. Mayor has a severe impairment: degenerative disc disease. (*Id.*). Nonetheless, the ALJ found Ms. Mayor has no impairment that meets or medically equals the severity of an impairment included in the Listings. (Tr. 19) (citations omitted).

The ALJ then found Ms. Mayor has the RFC to perform sedentary work, which includes the following abilities:

> [T]he ability to lift and/or carry 10 pounds occasionally and frequently and stand and/or walk 3 hours and sit 6 hours in an 8-hour workday. She may occasionally climb ramps/stairs, climb ladders/ropes/scaffolds, balance, stoop, kneel, crouch and crawl. Finally, [Ms. Mayor] must avoid concentrated exposure to heat, cold, vibration and hazards and is limited to only frequent handling and fingering with both hands.

(Tr. 19) (citation omitted). Based on these findings, the ALJ determined Ms. Mayor could perform her past relevant work as an investigator. (Tr. 22). The ALJ therefore found Ms. Mayor not disabled from her alleged onset date through the date of the ALJ's decision (July 6, 2017). (Tr. 22).

### III. ANALYSIS

#### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports his

findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issues on Appeal

Ms. Mayor argues the court should remand the ALJ's decision for four reasons. (Doc. 18, pp. 20–39). First, she argues the ALJ erred when determining Ms. Mayor's RFC. (*Id.* at 20–26). Second, Ms. Mayor argues the

ALJ's hypothetical questions to the vocational expert (VE) at the hearing were erroneous. (Doc. 18, pp. 27–29). Third, Ms. Mayor argues the ALJ erred when he considered the opinion from Dr. Bryan Thomas, the consultative examiner. (*Id*. at 30–33). Fourth, Ms. Mayor argues the ALJ erred when he considered Ms. Mayor's statements about the severity of her impairments. (*Id*. at 35–37). This order will address Ms. Mayor's arguments in turn—but in a different order.

      1.    <u>Dr. Thomas's Opinion</u>

Ms. Mayor argues the ALJ improperly considered Dr. Thomas's report. (*Id*. at 30–33). Ms. Mayor alleges the ALJ's brief discussion of Dr. Thomas's report "does not provide the necessary analysis with [the] particularity required" to constitute substantial evidence. (*Id*. at 31). Ms. Mayor also asserts the ALJ did not adequately explain his reasoning for both why he neglected to include such limitations and why he only granted "limited weight" to Dr. Thomas's report. (*Id*.). Ms. Mayor argues the ALJ therefore lacked substantial evidence to reject portions of Dr. Thomas's assessment. (*Id*. at 30).

The Commissioner argues substantial evidence exists to support the ALJ's decision to grant limited weight to Dr. Thomas's opinion and include only some of the limitations found by Dr. Thomas. (*Id*. at 33–35). The Commissioner argues the ALJ did not grant great weight to Dr. Thomas's assessment because his opinion of Ms. Mayor's limitations exceeded those

included in the record evidence. (Doc. 18, p. 34). The Commissioner asserts the ALJ need not give great weight to a doctor's opinion concerning a claimant's RFC. (*Id*.). The Commissioner therefore argues the ALJ had substantial evidence to give only some weight to Dr. Thomas's opinion and Dr. Thomas's assessment of Ms. Mayor's RFC. (*Id*. at 35).

The ALJ must state with particularity the weight given to different medical opinions and his reasons for doing so. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). The ALJ may reject any medical opinion if evidence supports a contrary finding, but he must still articulate reasons for assigning little weight. *Caulder v. Bowen*, 791 F.2d 872, 880 (11th Cir. 1986). Provided his decision does not broadly reject a claim for Social Security benefits, the ALJ need not refer to every piece of evidence. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014). Although it is unnecessary to refer to every piece of evidence, the ALJ must consider all available evidence and articulate the weight given to probative evidence. *Id*.; *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Here, substantial evidence exists to support granting only some weight to Dr. Thomas's consultative examination. Among other things, Dr. Thomas's RFC assessment found Ms. Mayor could lift or carry up to ten pounds occasionally; sit and stand for three hours in an eight-hour workday; and had

various manipulative, postural, and environmental limitations, like never reaching overhead or climbing ladders. (Tr. 943–56).

The ALJ granted some weight to Dr. Thomas's assessment and included some of the limitations listed in his assessment. (Tr. 21). For example, the ALJ found Ms. Mayor could lift or carry up to ten pounds occasionally and frequently. (Tr. 19). But the ALJ also found Ms. Mayor could sit for six hours instead of three hours and that Ms. Mayor could stand and walk for three hours during an eight-hour workday without further limitations. (*Id.*). The ALJ also found various other manipulative, postural, and environmental limitations, most of which follow Dr. Thomas's assessment. (*Id.*).

The ALJ had substantial evidence to support his decision to grant only some weight to Dr. Thomas's assessment. The ALJ found narrower limitations than those in Dr. Thomas's assessment because the ALJ found Dr. Thomas's opined limitations were broader than what could be justified through the "objective findings in evidence, including from Dr. Thomas's own examination." (*Id.*). For example, the ALJ noted that, while Dr. Thomas's opinion evidence asserts Ms. Mayor can lift and carry ten pounds only occasionally, a pain management report taken three months Dr. Thomas's examination of Ms. Mayor found "normal bulk, tone, gait, station, and coordination." (Tr. 21, 918). Additionally, Dr. Thomas's examination itself found Ms. Mayor retains five out

8

of five muscle strength in every muscle group except hand grip, where she scored a four out of five. (Tr. 945–47).

ALJs are expressly tasked with measuring the consistency of a medical opinion "with the record as a whole." 20 C.F.R. § 404.1527(c)(4). Here, substantial evidence exists to support the ALJ's finding that Dr. Thomas's opinion was inconsistent with the objective findings in evidence. Therefore, the ALJ had substantial evidence to support granting Dr. Thomas's assessment some weight.

### 2. RFC Determination

Ms. Mayor argues the ALJ's RFC determination was not supported by substantial evidence. (Doc. 18, pp. 20–26). Ms. Mayor alleges the ALJ failed to properly consider her headaches and the side effects of her medications. (*Id.* at 21–22). Additionally, Ms. Mayor argues the ALJ incorrectly dismissed as "non-medically determinable" her immunodeficiency, recurring scalp abscesses, and fibromyalgia. (*Id.* at 22). Ms. Mayor argues the ALJ's improper consideration of her combination of impairments resulted in an improper RFC determination. (*Id.* at 21).

The Commissioner argues the ALJ properly considered the combination of Ms. Mayor's impairments. (*Id.* at 26–27). The Commissioner argues the ALJ properly considered Ms. Mayor's recurring scalp abscesses because nothing in the record shows physical symptoms or limitations resulting from

9

abscesses. (Doc. 18, p. 27). The Commissioner asserts the ALJ properly determined that Ms. Mayor's alleged fibromyalgia and immunodeficiency were non-medically determinable because Ms. Mayor "was not formally diagnosed" with either condition. (*Id.*). The Commissioner argues the ALJ therefore had substantial evidence to find the conditions did not introduce "disabling or additional limitations on her ability to work" that would render the RFC determination inaccurate. (*Id.*).

At step four of the sequential evaluation, the ALJ determines the claimant's RFC. 20 C.F.R. § 404.1520(e). A claimant's RFC is the most she can perform in a work setting despite her impairments. § 404.1545; *Phillips*, 357 F.3d at 1238. The ALJ must determine the claimant's RFC using all relevant medical and other evidence. *Phillips*, 357 F.3d at 1238. Substantial evidence must support the ALJ's RFC determination. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004); *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005).

The ALJ properly considered the medical records concerning Ms. Mayor's alleged fibromyalgia and immunodeficiency. While medical records mention both disorders, most medical records are silent on these alleged conditions. (Tr. 544, 682–83, 866, 871–72). For example, Dr. Weisman's pain management assessments contain no references to a formal diagnosis of fibromyalgia or immunodeficiency. (Tr. 376–97, 456–81, 559–46, 684–51, 915–27). Therefore,

the ALJ properly considered the evidence regarding Ms. Mayor's alleged fibromyalgia and immunodeficiency.

With respect to Ms. Mayor's headaches, the ALJ erred in stating that Ms. Mayor's headaches are "rarely shown in treatment notes, which would be expected given their severity." (Tr. 20). The record contains consistent documentation of alleged and treated headaches.

Ms. Mayor first met with her pain management physician Dr. Neil Weisman on August 24, 2014. (Tr. 387). Ms. Mayor was prescribed tizanidine for her headaches by Dr. Weisman on April 1, 2015. (Tr. 630–32). On January 27, 2016, Dr. Weisman increased the dosage of a different medication Ms. Mayor was taking (topiramate) to aid in reducing the symptoms of her headaches. (Tr. 733–34). On August 4, 2016, Ms. Mayor's dosage of tizanidine was increased from one to two tabs every day. (Tr. 687). On September 27, 2016, Dr. Weisman replaced her tizanidine with ondansetron. (Tr. 924–26).

The last records available from Dr. Weisman from December 14, 2016, show Ms. Mayor was taking these medications. (Tr. 915–16). Dr. Weisman's assessment plans for Ms. Mayor show consistent complaints and treatment of severe headaches and migraines. (Tr. 596–632, 684–751, 915–27). The ALJ's dismissal of the issue as "rarely shown in treatment notes" is unsupported by the medical records. (Tr. 20).

Review of the record evidence shows the ALJ erred when he determined that evidence of Ms. Mayor's alleged headaches is "rarely shown in treatment notes." On remand, the ALJ must properly consider treatment notes concerning Ms. Mayor's headaches and determine whether the headaches constitute severe impairments.

3. Hypotheticals to the VE

Ms. Mayor argues the ALJ's hypotheticals to the VE were based on an erroneous RFC determination. (Doc. 18, pp. 27–29). The Commissioner argues the ALJ's RFC determination was accurate and the ALJ properly considered the evidence relevant to Ms. Mayor's RFC determination. (*Id.* at 30).

At step five of the sequential evaluation process, the ALJ determines if the claimant can adjust to other work in the economy. 20 C.F.R. § 404.1520(a)(4)(v). At this step, the Commissioner has the burden to show the claimant can perform other work available in significant numbers in the national economy. *Id.*; *Phillips*, 357 F.3d at 1239.

To determine whether the claimant can perform other work, the ALJ may consider the testimony of a VE who offers evidence based on his or her expertise concerning the physical and mental demands of available work. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The VE may offer testimony in response to a hypothetical question about whether a person with the claimant's medical impairments can adjust to any other work in the

national economy. *Phillips*, 357 F.3d at 1240. The hypothetical question must incorporate the ALJ's RFC determination. § 404.1560(c). Substantial evidence supports the ALJ's decision concerning the claimant's ability to perform other jobs in the national economy when his decision is based significantly on expert testimony concerning the availability of jobs for a person with the claimant's educational level, work skills, experience and physical limitations. *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980).[5]

For the VE's testimony to constitute substantial evidence, the hypothetical question she answers must include all the claimant's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). The ALJ's hypothetical questions to the VE must therefore comprehensively describe the claimant's impairments. *Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985).

Here, because the ALJ failed to properly consider the medical evidence regarding Ms. Mayor's headaches, the ALJ did not include the headaches in his hypotheticals to the VE. Upon remand, if the ALJ determines Ms. Mayor's headaches constitute a severe impairment, the ALJ should include the impairment in his hypotheticals to the VE. Any revised hypotheticals might result in the VE determining Ms. Mayor's headaches prevent her from

---

[5] The former Fifth Circuit's decisions are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

conducting her prior work as an investigator. Accordingly, remand is necessary on this issue as well.

### 4. Ms. Mayor's Statements about the Severity of her Impairments

Ms. Mayor argues the ALJ erred when he found Ms. Mayor's statements about the severity of her impairments not entirely consistent with medical evidence. (Doc. 18, pp. 35–37). Ms. Mayor argues medical records support her complaints about the severity of her headaches and the side effects of her medication. (*Id.* at 36).

The Commissioner argues the ALJ properly considered Ms. Mayor's subjective statements of pain. (*Id.* at 37–38). The Commissioner asserts substantial evidence supports the ALJ's determination that the intensity, persistence, and limitations of her symptoms were inconsistent with her medical records. (*Id.* at 37).

To establish disability based on testimony about pain and other symptoms, the claimant must show the following: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citation omitted). If the ALJ rejects subjective testimony, she must provide adequate

reasons for doing so. *Wilson*, 284 F.3d at 1225 (citation omitted). The ALJ may reject testimony about subjective complaints, but that rejection must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

At the hearing before the ALJ, Ms. Mayor testified that she could not work partially because of her headaches. (Tr. 40, 49). The ALJ found Ms. Mayor's testimony not entirely consistent with medical evidence. (Tr. 20). But, the ALJ inaccurately concluded that evidence about Ms. Mayor's headaches are "rarely shown in treatment notes." (*Id.*). Section III(B)(2) explains how evidence of Ms. Mayor's headaches is consistently shown in medical records. Therefore, on remand, the ALJ must reconsider Ms. Mayor's statements about the severity of her impairments in light of medical records documenting her headaches.

## IV. CONCLUSION

Substantial evidence supports the ALJ's decision to assign some weight to Dr. Thomas's opinion. But the ALJ incorrectly concluded that evidence about Ms. Mayor's headaches are "rarely shown in treatment notes." The Commissioner's decision is therefore **REMANDED** for further consideration consistent with this order, and the case is **DISMISSED**. The Clerk of Court must enter final judgment for Ms. Mayor consistent with 42 U.S.C. Section 405(g).

**ORDERED** in Tampa, Florida, on August 2, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge